**BANDWAGON BROKERAGE, INC., Plaintiff,**

v.

**MAFOLIE FOODS CO., INC., Carla T. Rolando a.k.a. Carla Tagini Rolando, Ernesto Rolando, The Estate of L. Mauro Tagini, Elena Tagini, as Executrix or Administrator, Elena Tagini, First Bank Puerto Rico (successor-in-interest to First Bank Virgin Islands Federal Savings Bank), and E.C.A. Export, Inc., Defendants.**

No. 2000–253.

District Court, Virgin Islands, D. St. Thomas and St. John.

Oct. 30, 2001.

Karin A. Bentz, St. Thomas, VI, for plaintiff.

James M. Derr, St. Thomas, VI, for defendants Mafolie Foods, Carla Rolando and Elena Tagini.

Blake A. Tatom, St. Thomas, VI, for defendant First Bank Puerto Rico.

## MEMORANDUM

MOORE, District Judge.

This matter is before the Court on defendant Mafolie Foods Company's ("Mafolie Foods" or "defendant") motion to dismiss plaintiff Bandwagon Brokerage, Inc.'s ("Bandwagon" or "plaintiff") complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). After considering the arguments presented by counsel at a hearing on this motion, and reviewing the pleadings and the relevant case law and statute, defendant's motion will be granted.

## I. BACKGROUND

Congress enacted the Perishable Agricultural Commodities Act of 1930 ("PACA")[1] in 1930 "to promote fair trading practices in the marketing of perishable agricultural commodities, largely fruits and vegetables." *Consumers Produce v. Volante Wholesale Produce,* 16 F.3d 1374, 1377 (3d Cir.1994). Part of this protection was the imposition of a trust provision on buyers of perishable agricultural commodities. Under this provision, commission merchants, dealers, and brokers are required to hold the goods received in a floating, non-segregated trust for the benefit of the unpaid supplier. *See In re Magic Restaurants,* 205 F.3d 108, 111 (3d Cir.2000); *Consumers Produce,* 16 F.3d at 1378. "The corpus of this trust is comprised of (1) the perishable agricultural commodities purchased from these suppliers, (2) all inventories of food or other products derived from the perishable agricultural commodities, and (3) receivables or proceeds from the sale of such commodities or products." *In re Magic Restaurants,* 205 F.3d at 111–12 (citing 7 U.S.C. § 499e(c)(2)). In essence, this trust gives a supplier of perishable agricultural commodities covered by PACA a secured interest in the buyer's assets. *See* 7 U.S.C. § 499e(c)(1).

In a series of transactions between April 13, 2000, and July 17, 2000, Bandwagon sold and shipped perishable agricultural commodities to Mafolie Foods, for which it claims to be owed $28,112.45. Bandwagon

---

1. 7 U.S.C. § 499a et seq.

has sued Mafolie Foods and its officers[2] for, among other things, a violation of PACA's trust provision. This Court has jurisdiction to consider this claim under 28 U.S.C. § 1331.

## II. DISCUSSION

Mafolie Foods has moved to dismiss Bandwagon's action for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. In particular, Mafolie Foods argues that it does not meet the definition of a "dealer" required for the PACA trust to apply.[3] Before this Court may proceed on the merits of Mafolie Foods' argument, I must decide whether its challenge is "facial" or "factual." *See Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977) (noting that a facial challenge only attacks the sufficiency of the plaintiff's allegations of subject matter jurisdiction, whereas a factual challenge attacks subject matter jurisdiction as a matter of fact). Such a determination is important for it determines whether I may look beyond the mere allegations. "[T]he court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff" in a facial challenge, whereas a court may look to evidence outside the plaintiff's pleadings in a factual challenge. *See id.* Since Mafolie Foods has questioned the validity of Bandwagon's claim that PACA applies and raises a federal question that this Court has the power to adjudicate, Mafolie Foods' motion is a factual jurisdictional challenge.

**2.** Bandwagon has sued Carla Rolando ("Rolando"), president of Mafolie Foods, and Elena Tagini ("Tagini"), an alleged co-owner of Mafolie Foods, in their individual capacities as permitted by PACA. *See* 7 U.S.C. § 499e(c)(2); *see also Shepard v. K.B. Fruit & Vegetable, Inc.,* 868 F.Supp. 703, 706 (E.D.Pa. 1994) ("PACA liability attaches first to the licensed seller of perishable agricultural commodities. If the seller's assets are insufficient to satisfy liability, others may be found secondarily liable if they had some role in causing the corporate trustee to commit the breach of trust."); *Mid–Valley Produce Corp. v. 4–XXX Produce Corp.,* 819 F.Supp. 209, 211 (E.D.N.Y.1993) ("[A]n officer who causes a corporate trustee to commit a breach of trust which causes a loss to the trust is personally liable to the beneficiaries for that loss."); *Morris Okun, Inc. v. Harry Zimmerman, Inc.,* 814 F.Supp. 346, 348 (S.D.N.Y.1993) ("An individual who is in the position to control the trust assets and who does not preserve them for the beneficiaries has breached a fiduciary duty, and is personally liable for that tortious act."); *id.* ("[A] PACA trust in effect imposes liability on a trustee, whether a corporation or a controlling person of that corporation, who uses the trust assets for any purpose other than repayment of the supplier."); *see also Sunkist Growers, Inc. v. Fisher,* 104 F.3d 280 (9th Cir.1997) (citing the above cases). Thus, to succeed Bandwagon must establish that these individuals had some control or power to effect the transactions in question. As I will dismiss Bandwagon's claims against Mafolie Foods for lack of subject matter jurisdiction, I do not reach its claims against Rolando and Tagini and they will be dismissed as moot. In addition, I will also dismiss as moot First Bank Puerto Rico's motion to set aside entry of default for the same reason.

**3.** Bandwagon's complaint actually alleges that Mafolie Foods acted as "commission merchant, dealer or broker." (Compl. at ¶ 15.) PACA defines a "commission merchant" as "any person engaged in the business of receiving in interstate or foreign commerce any perishable agricultural commodity for sale, on commission, or for or on behalf of another." 7 U.S.C. § 499a(5). Likewise, PACA defines a "broker" as "any person engaged in the business of negotiating sales and purchases of any perishable agricultural commodity in interstate or foreign commerce for or on behalf of the vendor or the purchaser, respectively." 7 U.S.C. § 499a(7). As Bandwagon has not defended against the motion to dismiss on the ground that Mafolie Foods is a commission merchant or broker, and has provided no indication that Mafolie Foods acted on behalf of any other party, PACA can apply only if Mafolie Foods is a dealer.

Therefore, this Court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating for itself the merits of jurisdictional claims." *Id.* Accordingly, Bandwagon must provide a convincing factual basis for its federal claim. *Cf. Sunnyrock Bldg. & Design Co. v. Gentile*, 2000 WL 1672608 (D.V.I. July 18, 2000) ("Upon challenge ... the party that invokes federal jurisdiction bears the burden of demonstrating that the requisite amount in controversy existed at the time that the action commenced.")

Having determined that Mafolie Foods has made a factual challenge to subject matter jurisdiction, I now turn to section 499a(b)(6) of PACA to determine whether it is applicable and thus grants this Court jurisdiction to hear this case. Section 499a(b)(6) defines a dealer as

any person engaged in the business of buying or selling in wholesale or jobbing quantities, as defined by the Secretary, any perishable agricultural commodity in interstate or foreign commerce, except that (A) no producer shall be considered as a "dealer" in respect to sales of any such commodity of his own raising; (B) no person buying any such commodity solely for sale at retail shall be considered as a "dealer" until the invoice cost of his purchases of perishable agricultural commodities in any calendar year are in excess of $230,000; and (C) no person buying any commodity other than potatoes for canning and/or processing within the State where grown shall be considered a "dealer" whether or not the canned or processed product is to be shipped in interstate or foreign commerce, unless such product is frozen or packed in ice, or consists of cherries in brine, within

the meaning of paragraph (4) of this section. Any person not considered as a "dealer" under clauses (A), (B), and (C) may elect to secure a license under the provisions of section 499c of this title, and in such case and while the license is in effect such person shall be considered as a "dealer".

7 U.S.C. § 499a(b)(6). Mafolie Foods argues that Bandwagon has failed to establish that it is a dealer within the meaning of this statute. In particular, Mafolie Foods asserts that the primary requirement for a dealer is buying and selling perishable agricultural commodities in "wholesale or jobbing quantities." Although not defined in the statute itself, the United States Department of Agriculture ("USDA") has defined "wholesale or jobbing quantities" as "aggregate quantities of all types of produce totaling one ton (2,000 pounds) or more in weight in any day shipped, received, or contracted to be shipped or received." *See* 7 C.F.R. § 46.2(x). As Bandwagon has failed to establish that any of the transactions between April and July, 2000, meet this 2,000 pound requirement, Mafolie Foods argues that PACA has no application in this case and thus this Court lacks jurisdiction.

Bandwagon counters Mafolie Foods by focusing on the last sentence of section 499a(b)(6)—"Any person not considered as a 'dealer' under clauses (A), (B), and (C) may elect to secure a license under the provisions of section 499c of this title, and in such case and while the license is in effect such person shall be considered as a 'dealer.'" 7 U.S.C. § 499a(b)(6). The exceptions referred to in this clause are: (A) a producer selling his own commodities, (B) a retailer with invoice costs of all purchases less than $230,000 in a calender year, and (C) a party buying commodities (but not potatoes) for canning and/or processing purposes. As only the second ex-

ception could apply, I will ignore the other two. Bandwagon points out that Mafolie Foods received a PACA license and thus subjected itself to PACA regulations. In essence, Bandwagon contends that a party who obtains a license need not meet the "wholesale or jobbing quantities" requirement. I conclude that Bandwagon's interpretation of section 499a(b)(6) is misguided.

Looking at the "wholesale or jobbing quantities" clause, the "exceptions" clause and the "license" clause of section 499a(b)(6) reveals that the "wholesale and jobbing quantities" requirement is a separate condition necessary to bring a transaction under PACA. For example, the USDA's definition of a dealer as a "person engaged in buying or selling *in wholesale or jobbing quantities*" includes retailers with invoice costs of all purchases in a calender year over $230,000. *See* 7 C.F.R. § 46.2(m)(2) (emphasis added). For a retailer to be considered a dealer, its purchases must exceed $230,000 in any calender year *and* it must buy in wholesale or jobbing quantities. Nowhere does exception (B) negate the "wholesale or jobbing quantities" requirement. Thus, exception 499a(b)(6)(B) merely excludes a person who buys in wholesale or jobbing lots and whose invoice costs during any calender year *do not* exceed $230,000. Likewise, the "license" clause neither negates nor modifies the "wholesale or jobbing quantities" clause. It only refers to those entities who meet the statutory exception—in this instance, a retailer with invoice costs below $230,000. Mafolie Foods' license does not bring it under the trust provision of PACA without proof that it bought in quantities of perishable agricultural commodities totaling one ton (2,000 pounds) per transaction.

As Bandwagon has provided no evidence that the transactions in question met the "wholesale or jobbing quantities" requirement, Mafolie Foods' motion to dismiss Bandwagon's federal claims for lack of subject matter jurisdiction must be granted, as must Bandwagon's federal claims against defendants Carla Rolando ("Rolando") and Elena Tagini ("Tagini") in their individual capacities as control persons for Mafolie Foods. *See* note 2. Finally, in the absence of any federal question, there is no reason to exercise this Court's jurisdiction under 28 U.S.C. § 1367 to hear the remainder of the purely local claims against defendants Mafolie Foods, Rolando and Tagini.

## CONCLUSION

Holding a PACA license, by itself, does not confer federal jurisdiction to a court. To come within the purview of PACA, a party must provide evidence that the disputed transactions met the "wholesale or jobbing quantities" requirement under section 499a(b)(6). As Bandwagon has failed to provide such evidence, this Court will dismiss its complaint in its entirety for lack of subject matter jurisdiction.

## ORDER

For the reasons set forth in the foregoing Memorandum of even date, it is hereby

**ORDERED** that defendant's motion to dismiss plaintiff's complaint [Docket No. 34] is **GRANTED**; it is further

**ORDERED** that all remaining motions related to this matter, including defendant First Bank Puerto Rico's motion to set aside entry of default [Docket No. 52], are **DENIED** as **MOOT** and the Clerk of the Court shall close the file.   ⦁